UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-23361-CIV-MORENO/SIMONTON

MEL HARRIS,

    Plaintiff,

v.

TROY CROCHET and
BILLY RAY, JR.,

    Defendants.
_____/

## ORDER

Presently pending before this Court is Plaintiff Mel Harris' and Third Party Defendant New Viasys Holdings' ("Movants") Motion for Attorneys' Fees Pursuant to Rule 11 [D.E. 38].  The Motion is referred to the undersigned Magistrate Judge [D.E. 40].

Movants have filed the instant Motion seeking sanctions against Defendants Crochet and Ray's former counsel for filing an Answer to Plaintiff's Complaint that allegedly has no basis in existing law or fact in violation of Federal Rule of Civil Procedure 11.   Plaintiff Mel Harris previously filed a Motion for Attorneys' Fees pursuant to Rule 11 also related to Defendants' Answer and the Third Party Action raised therein which named New Viasys Holdings, LLC as a new defendant [D.E. 7].  Defendants Crochet and Ray objected to that Motion asserting that Plaintiff failed to wait twenty one (21) days after alerting the Defendants of its intent to file the motion prior to actually filing the motion in violation of Fed.R.Civ.P. 11 [D.E. 11].   In response, Plaintiff sought to withdraw the Motion and the Court struck the Motion from the docket [D.E. 12, 14].

 On January 29, 2008, Third Party Defendant New Viasys moved to dismiss this action and thereafter Plaintiff, Defendants Crochet and Ray, and Third Party Defendant

Viasys entered into an agreement whereby the Parties moved to have the Third-Party Action dismissed, without prejudice, and with leave for the Defendants to amend their Answer on or before February 29, 2008 [D.E. 19].  On February 29, 2008, the Court entered an Order Granting the Agreed Motion to Dismiss the Third Party Action [D.E. 19, 23].  Defendants Crochet and Ray did not amend their Answer.

On April 3, 2008 the Court entered an Order of Final Judgment against Defendant Troy Crochet pursuant to a stipulation of settlement [D.E. 34, 35] and, on May 16, 2008 the case was dismissed against Billy Ray, Jr., pursuant to a stipulation of dismissal [D.E. 41].

On May 7, 2008, Mel Harris and New Viasys filed the instant Motion for Attorneys' Fees alleging that the Defendants' former attorneys had raised facts in their Answer that were without evidentiary support and not based in existing law [D.E. 38].  Counsel for the Defendants filed a Response to the Motion asserting, among other things, that Rule 11 sanctions were not appropriate as the third party action had been withdrawn by agreement [D.E. 42].

On June 9, 2008, the Parties entered into a Stipulation whereby they agreed to have the Motion for Attorneys' Fees Pursuant to Rule 11 filed in this action, consolidated with almost identical Motions for Attorneys' Fees filed in three other related cases, with all four motions to be heard by United States Magistrate Judge Barry L. Garber in order "to avoid duplicative work" and "the possibility of inconsistent results" [D.E. 44].[1]   No

---

[1] The other cases included in the Stipulation to consolidate Motions for Attorneys' Fees pursuant to Rule 11 were *Steven Posner v. Troy Crochet and Billy Ray, Jr.*, Case No., 07-23359-Civ-Moreno/Garber; *Sean Posner v. Troy Crochet and Billy Ray, Jr.*, Case No., 07-23360-Civ-Hoeveler/Garber; *Harpos Funding, LLC. v. Troy Crochet and Billy Ray, Jr.*, Case No., 07-23362-Civ-Huck/O'Sullivan.

order of consolidation was entered, however.

On June 11, 2008, Judge Garber held a hearing on the Motion for Attorneys' Fees under Rule 11 pending in the matter of *Sean Posner v. Troy Crochet and Billy Ray, Jr*. *See, Hearing Minutes,* [D.E. 39] in case of *Sean Posner v. Troy Crochet and Billy Ray, Jr.*, Case No., 07-23360-Civ-Hoeveler/Garber.  On October 10, 2008, Magistrate Judge Garber entered a Report and Recommendation recommending that the Motion for Attorneys' Fees in the *Sean Posner* case be denied for the Movants' failure to follow the procedures required under Rule 11. *See, Id*. [D.E. 41 at 5].  The Movants did not file objections to Judge Garber's Report and Recommendation and on November 24, 2008, the Honorable William M. Hoeveler issued an Order adopting Judge Garber's Final Report denying the Motion for Attorneys' Fees. *See, Id* at [D.E. 42].

Similarly, on October 2, 2008, the Honorable Federico A. Moreno, Chief Judge for the Southern District of Florida, issued an Order denying the Movants' Motion for Attorneys' Fees for failure to comply with S.D. Fla. Local Rule 7.3 on one of the motions that the Parties' had agreed to consolidate. *See,* [D.E. 46] in *Steven Posner v. Troy Crochet and Billy Ray, Jr.*, Case No., 07-23359-Civ-Moreno/Garber.  In addition, Judge Moreno noted that the conduct at issue in the Motion for Attorneys' Fees did not appear to rise to the level of Rule 11 sanctions. *Id*.

Thus, the Motions for Attorneys' Fees in two of the cases that were included in the Parties' Stipulation for Consolidation have been denied.  As stated in the Stipulation, there do not appear to be any material differences between the issues in this case and the issues in the above-cited cases.  Accordingly, in light of the above-referenced rulings as well as the Parties' Stipulation for Consolidation, it is

**ORDERED AND ADJUDGED** that if, despite the Stipulation, Plaintiff Mel Harris

3

and Third Party Defendant New Viasys seek to pursue their claim for attorneys' fees in this case, they should file a memorandum of law on or before December 12, 2008 which advises the Court of their intent and explains why this Court should not reach the same result reached in *Steven Posner v. Troy Crochet and Billy Ray, Jr.*, Case No., 07-23359-Civ-Moreno/Garber and *Sean Posner v. Troy Crochet and Billy Ray, Jr.*, Case No., 07-23360-Civ-Hoeveler/Garber.  If Plaintiff Mel Harris and Third Party Defendant New Viasys fail to file a memorandum of law in compliance with this Order, the Motion for Attorneys' Fees [D.E. 38] will be denied.

If the Movants elect to file a memorandum of law regarding their intent to proceed with the present Motion, Defendants Troy Crochet and Billy Ray, Jr., shall have five (5) days from the date of that filing to file a Response and the matter may be set for a hearing on the Motion.

**DONE AND ORDERED** in Chambers in Miami, Florida on November 26, 2008.

_____
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies to:
The Honorable K. Michael Moore, United States District Judge
All counsel of record